UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| PHARMERICA HOSPITAL PHARMACY SERVICES, LLC. d/b/a PHARMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:23-cv-15595 |
| MIRA NEURO BEHAVIORAL HEALTH CARE, LLC | : |
| Defendant. | : |

## COMPLAINT

Plaintiff PharMerica Hospital Pharmacy Services, LLC d/b/a PharMerica ("PharMerica"), states as follows for its Complaint against Defendant Mira Neuro Behavioral Health Care, LLC ("Defendant").

### NATURE OF ACTION

1. This action arises out of Defendant's failure and refusal to pay PharMerica for pharmacy-related goods and services provided by PharMerica to Defendant for the residents or patients of the hospital (the "Hospital"[1]) that was owned, operated, and/or managed by Defendant, as well as Defendant's improper termination of the agreement between the parties resulting in lost profit damages to PharMerica.

### THE PARTIES

2. PharMerica is a Delaware limited liability company. Its sole member is Pharmacy Corporation of America, a California corporation with its principal place of business in Louisville,

---

[1] The Hospital is located at: 6775 Prosperi Drive, Tinley Park, Illinois 60477.

1

Kentucky. For diversity purposes, PharMerica is a citizen of California and Kentucky. PharMerica provides pharmacy-related goods and services for residents of hospitals, skilled nursing, and other long-term care facilities.

3. Defendant Mira Neuro Behavioral Health Care, LLC is an Illinois limited liability company, whose members are Chris Higgins, David Doubek, Melanie Cantorna, and Todd Conway, all of whom are citizens of Illinois. For diversity purposes, Defendant is a citizen of Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

5. The Court has personal jurisdiction over Defendant pursuant to 735 Ill. Comp. Stat. 5/2-209: (i) because it submitted to the exclusive jurisdiction and venue in the state and federal courts located in Illinois with respect to any and all disputes concerning the subject of, or arising out of, the agreement between the parties; and (ii) because it transacts business in this state through its contract with PharMerica.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to this Court's personal jurisdiction because it submitted to the exclusive jurisdiction and venue in the state and federal courts located in Illinois with respect to any and all disputes concerning the subject of, or arising out of, the agreement between the parties.

## COUNT I – BREACH OF CONTRACT
### (FAILURE TO PAY)

7. PharMerica entered into a Pharmacy Services Agreement dated April 8, 2022 (the "Agreement") with Defendant for PharMerica to provide pharmacy goods and services to

Defendant for its residents in exchange for payment by Defendant beginning on June 1, 2022. A redacted copy of the Agreement is attached as **Exhibit A**.

8. The Agreement provides that invoices were to be paid within thirty (30) days of the billing date. *See* Agreement § 3.4.1. Any unpaid amounts bear interest at the rate of 1.5% per month (or, if lesser, the maximum interest rate permitted by law). *See* Agreement § 3.4.5.

9. The Agreement further provides that PharMerica shall be entitled to recover from Defendant "any and all claims, demands, liabilities, actions, rights of action, and causes of action of forfeiture, legal or accounting fees, court reporting expenses resulting from or arising out of (whether well-founded or baseless) in any way relating to (a) a material breach by [Defendant] of any representation, warranty or covenant contained herein; (b) the failure on the part of [Defendant] to perform its material services and obligations hereunder; or (c) any negligent act or omission on the part of [Defendant] in the performance of or failure to perform its duties and obligations under this Agreement; except to the extent caused by [PharMerica]." *See* Agreement § 5.12.

10. PharMerica performed all obligations required of it under the Agreement, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

11. Defendant failed to pay PharMerica's invoices as they became due and owing under the Agreement.

12. Despite PharMerica's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, and despite Defendant's promises to pay PharMerica the amounts due and owing, Defendant has failed to pay for the goods and services provided by PharMerica.

13. For invoices through and including the September 2023 invoice for goods and services provided to the patients at the Hospital, Defendant owes PharMerica $93,980.13 in principal. This amount is past due and exclusive of amounts that are owed for interest.

14. Defendant entered into a valid and enforceable contract with PharMerica.

15. PharMerica performed all conditions, covenants and promises on its part to be performed under the Agreement and otherwise agreed upon by the parties.

16. Without legal justification or excuse, Defendant materially breached the Agreement by failing to pay invoices as they became due.

17. As a direct and proximate result of the breach of the Agreement, PharMerica has suffered damages in that it has not been paid for pharmacy-related goods and services it provided.

18. Interest is accruing on the unpaid balance of invoices pursuant to the Agreement and law.

## COUNT II – BREACH OF CONTRACT
### (IMPROPER TERMINATION)

19. Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

20. Section 4.1 of the Agreement provided that the initial term of the Agreement commenced on June 1, 2022 and continued through June 1, 2024 (the "Initial Term"). *See* Agreement § 4.1.

21. The Agreement further provided that it

> Shall be automatically renewed for successive one (1) year terms under the same conditions, unless either party notifies the other no later than one hundred eighty (180) days prior to the termination date of the initial or any renewal terms of its intent not to renew this Agreement. **The Agreement may not be terminated, unless Hospital's account with [PharMerica] is current at the time of notification.**

*See* Agreement § 4.1, 4.2 (emphasis added).

22. On August 23, 2023 Defendant called PharMerica and verbally purported to terminate the Agreement effective that same day (the "Termination").

23. The notice provided to PharMerica was not compliant with the timing requirement prior to the expiration of the Initial Term, was not in writing, and at the time Defendant purported to terminate the Agreement, it was not current in its payment of invoices to PharMerica in violation of Section 4 of the Agreement, and, therefore, the notice contained in the Termination was null and void.

24. PharMerica has been damaged in the form of lost profits as a result of Defendant's improper termination of the Agreement.

25. For prospective invoices through and including the remaining ten (10) months of the Initial Term, Defendant owes PharMerica $54,243.60 in lost profits.

26. Defendant entered into a valid and enforceable contract with PharMerica.

27. PharMerica performed all conditions, covenants and promises on its part to be performed under the Agreement.

28. Without legal justification or excuse, Defendant materially breached the Agreement by terminating the Agreement while amounts owing and PharMerica were past due.

29. As a direct and proximate result of Defendant's breach, PharMerica has suffered damages, including lost profits for the remaining term.

### COUNT III – UNJUST ENRICHMENT

30. In the alternative to Count I, PharMerica asserts this claim for Unjust Enrichment.

31. Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above except those contained in paragraphs 7 through 29.

32. PharMerica conferred a benefit on Defendant by providing it with valuable pharmacy-related goods and services.

33. Defendant has not paid PharMerica for those pharmacy-related goods and services.

34. PharMerica's pharmacy-related goods and services were provided under circumstances pursuant to which Defendant knew, or reasonably should have known, that PharMerica would expect to be compensated.

35. Defendant wrongfully and intentionally withheld payments due to PharMerica for the pharmacy-related goods and services provided by PharMerica.

36. Consequently, Defendant has been unjustly enriched through the receipt of such pharmacy-related goods and services and at the expense of PharMerica.

37. PharMerica is entitled to recover damages from the Defendant in an amount to be proven at trial.

38. PharMerica is further entitled to interest withheld by the Defendants due to their unreasonable and vexatious delay of payment.

### COUNT IV – PROMISSORY ESTOPPEL

39. In the alternative to Counts I and III, PharMerica asserts this claim for Promissory Estoppel.

40. Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above except those contained in paragraphs 7 through 29.

41. At Defendant's request, PharMerica provided pharmacy-related goods and services to the residents of the Facility and timely submitted invoices for payment for the same.

42. PharMerica repeatedly demanded payment for the goods and services provided to Defendant, but despite Defendant's representations and promises that they would pay for all goods and services provided, Defendant has failed to do so.

43. PharMerica repeatedly conferred with Defendant regarding the outstanding invoices and unpaid goods and services.

44. Defendant promised to pay PharMerica for the pharmacy-related goods and services that PharMerica promised to provide.

45. Defendant made promises to PharMerica for the purpose of inducing it to continue to provide goods and services to Defendant.

46. PharMerica reasonably relied on Defendant's promise to pay when it delivered pharmacy-related goods and services.

47. PharMerica was injured by its reliance on Defendant's promises in that PharMerica has not been paid for the goods and services it provided.

48. Injustice can be avoided only by the enforcement of Defendant's representations and promises.

49. PharMerica is entitled to recover damages from the Defendant in an amount to be proven at trial.

50. PharMerica is further entitled to interest withheld by the Defendant due to its unreasonable and vexatious delay of payment.

**PRAYER FOR RELIEF**

WHEREFORE, PharMerica requests judgment against Defendant as follows:

    A.    An award of damages in an amount to be proven at trial, including lost profits;

    B.    Pre-judgment and post-judgment interest as permitted by the Agreement and law;

    C.    PharMerica's attorney's fees and costs; and

    D.    All other relief to which PharMerica may be entitled.

Dated: November 2, 2023        Respectfully submitted,

          /s/ Richard A. Saldinger

Jennifer Metzger Stinnett
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
jstinnett@fmdlegal.com

Richard Saldinger (ARDC No. 6209930)
LANDSMAN SALDINGER CARROLL PLLC
161 North Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: (312) 291-4650
Facsimile: (872) 757-1661
saldinger@lsclegal.com